```
                                                            FILED
                                                       U.S. DISTRICT COURT
            IN THE UNITED STATES DISTRICT COURT        EASTERN DISTRICT OF TEXAS
             FOR THE EASTERN DISTRICT OF TEXAS
                      TEXARKANA DIVISION                   JUN 7 2013

                                                       DAVID J. MALAND, CLERK
```

| UNITED STATES V. | Case No. 5:13MJ 14  BY DEPUTY |
|---|---|
| SHANNON GUESS RICHARDSON | |

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, James C. Spiropoulos, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application for criminal complaint for SHANNON GUESS RICHARDSON for a suspected violation of 18 U.S.C. § 876 (c) (mailing threatening communications).

2. I am a Special Agent with the Federal Bureau of Investigation (FBI), and have been since 1999. I am currently assigned to the Dallas Division, Texarkana Resident Agency of the FBI, where I investigate crimes including domestic terrorism, fraud, and computer based crimes. I have experience in such investigations through training and day-to-day work related to investigations of this type of case.

3. This affidavit is submitted for the limited purpose of supporting a criminal complaint and arrest warrant against SHANNON GUESS RICHARDSON for violation of 18 U.S.C. § 876 (c). The statute provides in part:

> Whoever knowingly so deposits or causes to be delivered [in any post office or authorized depository for mail matter, to be sent or delivered by the Postal Service or knowingly causes to be delivered by the Postal Service according to the direction thereon] any communication with or without the name or designating mark subscribed thereto, addressed to any other person and containing any threat to kidnap any person or any threat to injure the person of the addressee or of another [shall be guilty of a federal offense].

Affidavit in Support of a
Criminal Complaint- 1

## BACKGROUND INFORMATION AND PROBABLE CAUSE

4. On or about May 24, 2013, a letter addressed to New York City Mayor Michael Bloomberg was opened at a New York City mail center located in Lower Manhattan. The envelope had no return address. It was postmarked Shreveport, Louisiana, and dated May 20, 2013.

5. The envelope contained a letter with an oily substance which was pink or orange in color.

6. The letter had the following typed message:

> You will have to kill me and my family before you get my guns. Anyone wants to come to my house will get shot in the face. The right to bear arms is my constitutional God given right and I will excersice that right til the day I die. whats in the letter is nothing compared to what ive got planned for you.

7. On or about May 26, 2013, a letter was received by Mark Glaze at The Raben Group, 1640 Rhode Island Avenue, NW, Washington, D.C. 20036. The envelope had no return address. It was postmarked Shreveport, Louisiana, and dated May 20, 2013. The envelope contained a letter with the same typed message as the one mailed to Mayor Bloomberg. The letter also had an oily substance which was pink or orange in color.

8. Mayor Bloomberg has publicly expressed support of gun-control legislation. Mr. Glaze reportedly heads Mayors Against Illegal Guns.

9. The contents of the letters tested positive for the toxin ricin at the National Bioforensic Analysis Center in Maryland.

Affidavit in Support of a
Criminal Complaint- 2

10. On May 30, 2013, a letter addressed to President Barack Obama was intercepted at the White House mail facility. The envelope appeared similar to those mailed to Mayor Bloomberg and Mr. Glaze, but contained different text as follows:

> You will have to kill me and my family before you get my guns.Anyone wants to come to my house will get shot in the face.I served in the united states army and because your muslim ass will probly never be able to retire.i will have to work until I take my last breath.I deserve better and so do my wife and kiddos.I will take care of this myself and make sure you wont be runnin this country in the ground any further.What's in this letter is nothing compared what ive got in store for you mr president.

11. The letter to President Obama has also tested positive for the presence of ricin.

12. Ricin is a poison found naturally in castor beans. Based upon my training and experience, I understand that ricin is a "toxin"[1] for purposes of 18 U.S.C. § 178. If ingested, inhaled, or injected, ricin can be fatal. Those knowledgeable in the field of ricin toxin state that ricin could be extracted using certain common ingredients and instrumentalities including: castor beans (from which ricin is actually extracted), lye, syringes, strainers, coffee grinders, coffee filters, latex gloves, and acetone. Your affiant understands that ricin is a "toxin" for purposes of Title 18, United States Code, Section 178. If ingested, inhaled, or injected, ricin can be fatal. Properly disseminated, it could kill numerous people. Ricin poisoning has no known antidote and is extremely difficult to detect as a cause of death.

13. I understand that the Processing and Distribution Center facility in Shreveport, Louisiana, processes mail for the surrounding area as well as for parts of Texas and Arkansas.

---

[1] The term "toxin" means the toxic material or product of plants, animals, microorganisms (including, but not limited to, bacteria, viruses, fungi, rickettsiae or protozoa), or infectious substances, or a recombinant or synthesized molecule, whatever their origin and method of production, and includes –
    (A) Any poisonous substance or biological product that may be engineered as a result of biotechnology produced by a living organism; or
    (B) Any poisonous isomer or biological product, homolog, or derivative of such a substance.

18 U.S.C. 178(2).
**Affidavit in Support of a**
**Criminal Complaint- 3**

14. On May 29, 2013, United States Postal Inspector Tasha Pannell received images for approximately 20 mail pieces that had been captured while being processed on the Automated Facer Canceller System (AFCS) at the Shreveport Processing and Distribution Center on May 20, 2013, immediately before the mail piece addressed to Mayor Bloomberg. The AFCS incorporates a Mail Isolation Control and Tracking (MICT) program which photographs and captures an image of every mail piece that is processed. The return addresses for those 20 mail pieces listed zip codes in the New Boston, Texas area.

15. On May 30, 2013, Inspector Pannell received additional images for approximately 40 mail pieces that had been captured while being processed on the AFCS at the Shreveport Processing and Distribution Center on May 20, 2013. Those mail pieces were processed immediately before and after the mail piece addressed to President Obama. Several of those images listed addresses in the Texarkana, Texas, and Maud, Texas, area.

16. Based on this information, it was determined that the mail pieces addressed to Mayor Bloomberg and President Obama were both placed in the mailstream in the New Boston, Texas, or Texarkana, Texas area, and transported to the Shreveport Processing and Distribution Center to be sent to their intended destinations.

17. On May 30, 2013, Shannon Richardson (SHANNON) traveled from New Boston, Texas, in the Eastern District of Texas, to Shreveport, Louisiana. There, she provided information to law enforcement officials about her husband, NATHANIEL DAVID RICHARDSON.

18. SHANNON told agents that she believed NATHANIEL was responsible for mailing the recent letters containing ricin that were sent to President Obama and New York City Mayor Bloomberg.

19. On June 3, 2013, it was determined by FBI forensic examiners by microscopic analysis that the three stamps retrieved from the ricin-laced letters received by President Obama, Mayor Bloomberg, and Mark Glaze had come from the same book of stamps that SHANNON turned over to FBI during initial interviews in Shreveport, Louisiana on May 30, 2013.

20. SHANNON and NATHANIEL RICHARDSON currently reside at 111 South Maple Street, New Boston, Texas.

21. SHANNON stated that due to her fear of being poisoned by RICHARDSON, she began to check the search history on her husband's computer(s). SHANNON advised that RICHARDSON owns two laptop computers; one is located in RICHARDSON'S home office, and a silver-colored MacBook laptop is located in the dining room of the SUBJECT PREMISES.

22. Forensic examination of the computers has determined that two separate orders for castor beans, syringes, and bulk lye were placed from computers within the RICHARDSON home.

23. SHANNON told investigators that within the last three weeks, she observed a sticky note on RICHARDSON's desk in their residence. According to SHANNON, the note listed addresses for Mayor Bloomberg in New York, an organization in Washington, D.C., and President Obama.

24. She said that within the last week, she observed two Tupperware containers at the SUBJECT PREMISES on a table on the back porch along with various tools owned by RICHARDSON. SHANNON stated that she also observed several small beans on the table around the containers. She described the beans as being brown in color and with small speckles all over them.

25. At approximately 3:20 p.m. on May 30, 2013, federal investigators approached RICHARDSON at his place of employment on Red River Army Depot and conducted a non-custodial interview regarding information provided by SHANNON.

26. During the course of that interview and when confronted by SHANNON's allegations, RICHARDSON denied involvement and claimed that SHANNON wished to end their marriage and leave him. RICHARDSON alleged that SHANNON was responsible for intentionally misleading investigators when SHANNON was in fact responsible.

27. At approximately 5:20 PM, on May 30, 2013, RICHARDSON provided consent for a warrantless search of his vehicle—a silver, Nissan Maxima, Texas License CF4 P299. FBI SA James Wilson located approximately 12 small brown beans in the trunk of the vehicle. The beans were found loose in the trunk and not in any container. The beans have been determined to be castor beans.

28. During SHANNON's interview on May 30, 2013, she provided both verbal and written consent for a warrantless search of her home shared with RICHARDSON, along with any relevant electronic devices contained therein. SHANNON voluntarily provided her cellular telephone for warrantless search during the course of the interview. This interview was conducted at SHANNON's home and she permitted the interviewing agents to view and take into

evidence numerous items. Among items viewed was a bag of bulk lye on a shelf near the garage. Among items taken into evidence were numerous computers, cellular telephones, and removable data storage devices usually associated with computer data.

29.   SHANNON was re-interviewed on May 31, 2013 and it was determined that she had been deceptive via a polygraph examination regarding her involvement in sending the letters. When confronted with her deception, SHANNON told investigators that she had been aware that her husband, NATHANIEL RICHARDSON, sent the three letters, so she took deliberate steps to ensure that he would be apprehended, such as placing castor beans near RICHARDSON's golf cart that he had been working on, handling the castor beans, and sprinkling the ricin powder around and near his tools in or around their house on 111 South Maple St., New Boston, Texas. When later searched, no castor beans were located on or around the golf cart, and all tools that were swabbed by the search team returned negative for the presence of ricin.

30.   Pursuant to verbal and written consent from both SHANNON and RICHARDSON, federal agents conducted a search of the house located at 111 South Maple St., New Boston, Texas, and discovered numerous items, including: a box containing a bag containing 20-30 beans labeled "ricinus communis," which is the scientific name for castor beans; 3 or more syringes containing an unknown liquid; four or more needles; a bag containing approximately 1 teaspoon of an orange-brown unidentified substance; and an SD data storage card. Next to that box containing the bag of castor beans, a plastic Tupperware or similar container was located containing approximately 1/3 to 1/2 cup of a milky, white liquid— suspected of being related to the making of ricin.

Affidavit in Support of a
Criminal Complaint- 7

31. Subsequent forensic and laboratory testing of various items retrieved from the premises revealed that multiple samples taken from the home of NATHANIEL and SHANNON RICHARDSON tested positive for the toxin ricin.

32. On June 3, 2013, it was determined by FBI forensic examiners that the Apple MacBook Pro consensually turned over to FBI by SHANNON and NATHANIEL RICHARDSON contained search terms related to: (1) extracting ricin from castor beans at home, (2) ricin information on the Center for Disease Control (CDC) website, and (3) the case from Tupelo, Mississippi related to ricin-laced letters being sent to various individuals. These findings were part of preliminary searches of the numerous computers retrieved from the premises. Complete analysis of the computers is ongoing.

33. Computer forensic analysis has also revealed that two separate castor bean orders were placed from computers in the home, the first on April 28, 2013, and the second May 3, 2013. Syringes and bulk lye were also ordered on May 3, 2013. All of these orders were in the name of "Nathan Richardson" and deliverable to the couple's home in New Boston, Texas. The receipt for the lye purchase indicates the order was placed at 8:41 a.m. EST (9:41 a.m. CST).

34. Computer forensic analysis has determined that at 11:17 p.m. on May 19, 2013, files titled "Obama.docx" and "muslimbastard.docx" were saved onto a removable storage device by the pink Dell laptop that both SHANNON and NATHANIEL RICHARDSON acknowledge belongs to and is used exclusively by SHANNON RICHARDSON. Computer forensics also determined that between 7:00-7:15 a.m. on May 20, 2013, those same files were accessed on two different computers in the RICHARDSON home, including the pink Dell laptop and a silver MacBook Pro. The data also indicate that an attempt was made on that same

morning at 7:11 a.m. to print from the pink Dell laptop the file titled "muslimbastard.docx" and also to print a mailing label(s) (although it cannot yet be confirmed that the mailing label(s) came from the "obama.docx" file). May 20, 2013 is the same date the ricin-laced letters were postmarked and also the same date that NATHANIEL RICHARDSON's work schedule indicates that he was at work for a 10-hour shift starting at 6:30 a.m.

35. Interviews with NATHANIEL's coworkers indicate that employees such as NATHANIEL have restricted ingress and egress to the worksite at Red River Army Depot, such that coworkers would know if NATHANIEL was absent from work or if he left his assembly line workspace at any point. Coworkers also stated that NATHANIEL does not have computer access at his work site.

36. Further computer forensic analysis located the three files titled "Obama.docx," "muslimbastard.docx," and "guns.docx" on an SD media storage card located in the RICHARDSON home inside the same box from where the bag of castor beans labeled "ricinus communis" and the syringes were located. Upon examination, "Obama.docx" was determined to be an MSWord file containing the text from the three mailing labels of the three ricin-laced letters. "Muslimbastard.docx" was determined to be an MSWord file containing the text of the letter sent to President Obama. Other documents purported to be from NATHANIEL were also found on the SD card, including the "guns.docx" file.

37. On June 6, 2013, SHANNON RICHARDSON was interviewed by investigators at a hotel in Mt. Pleasant, Texas. During the course of that interview, SHANNON admitted to: (1) receiving the syringes and lye in the mail, (2) printing the mailing labels for the three letters, (3) and mailing the three letters—knowing that they contained ricin. SHANNON continued to

deny that she had ordered the castor beans and claims that NATHAN typed the letters and made her print and mail them.

## CONCLUSION

38. Based on the forgoing, I submit that there is probable cause to believe that SHANNON GUESS RICHARDSON has committed a violation of Title 18, United States Code, Section 876 (c), specifically by mailing a communication on or about May 20, 2013 to the President of the United States, and I request that an arrest warrant issue as specified in the criminal complaint.

Respectfully submitted,

*[signature]*

James C. Spiropoulos
Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before me on June 7, _____, 2013

*[signature]*
Honorable Caroline Craven
UNITED STATES MAGISTRATE JUDGE