IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) | CASE NO. 5:13-CR-13-RWS (Judge Schroeder) |
| SHANNON GUESS RICHARDSON | ) ) ) | |

## ORDER

Before the Court is Defendant Shannon Guess Richardson's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2). Docket No. 103. The government opposes the motion. Docket No. 105.

While Defendant was assessed a criminal history of zero, she is ineligible for Zero-Point Offender Status under Part B because she "used violence . . . in connection with the offense." U.S.S.G. § 4C1.1(a)(3). Neither § 4C1.1 nor other provisions in the Guidelines define the phrase "used violence." However, contemporary dictionaries define "violence" as "[t]he use of physical force, usu[ally] accompanied by fury, vehemence, or outrage; esp[ecially], physical force unlawfully exercised with the intent to harm," *Violence*, BLACK'S LAW DICTIONARY (12th ed. 2024), or as "the use of physical force so as to injure, abuse, damage, or destroy," *Violence*, MERRIAM WEBSTER, https://www.merriam-webster.com/dictionary/violence.

The government argues Defendant used violence when she mailed ricin-laced letters to Former United States President Barak Obama, New York City Mayor Michael Bloomburg, and political lobbyist Mark Glaze. Docket No. 105 at 1. It is well understood that "[r]icin is a toxin derived from the castor bean plant and is extremely deadly. There is no known antidote for ricin poisoning." *United States v. Baker*, 98 F.3d 330 (8th Cir.1996). In fact, Defendant stipulated that she "was aware that ricin is a biological toxin that can be fatal and there is no antidote or cure for

ricin poisoning." Docket No. 53 at 8. Understanding ricin's deadly effects, Defendant addressed and "placed the [ricin-laced] letters in the outgoing mail." *Id.*

The Court agrees with the government that intentionally sending letters laced with a known biological toxin through the mail, as Defendant did here, is a violent, physical act. *Cf. United States v. De La Fuente*, 353 F.3d 766, 770–71 (9th Cir. 2003) (concluding that a threat of anthrax poisoning constituted a "threatened use of physical force" because the defendant's "letters clearly threatened death by way of physical contact with anthrax spores" and anthrax's "physical effect on the body is no less violently forceful than the effect of a kick or blow").

Defendant argues that the act of mailing ricin here does not involve "violent force" capable of causing physical pain or injury, citing *United States v. Linehan*, 56 F.4th 693 (9th Cir. 2022). This argument is misplaced. The question before the *Linehan* court was whether "transportation of an explosive" and "using a facility of interstate commerce with intent that a murder be committed" constitute crimes of violence under 18 U.S.C. § 373. *Id.* at 697. To convict a defendant under § 373, the government must demonstrate that the defendant solicited "another person [to] engage in conduct constituting a felony that has *as an element* the use, attempted use, or threatened use of physical force[.]" 18 U.S.C. § 373(a) (emphasis added). Here, regardless of the elements that comprise the crime, § 4C1.1 directs the Court to consider whether a defendant used violence "in connection with" the offense. U.S.S.G. § 4C1.1(a)(3). As explained above, the Court concludes that Defendant used violence in connection with her violation of 18 U.S.C. 175(a).

After review, Defendant's motion (Docket No. 103) is **DENIED**.

**So ORDERED and SIGNED this 18th day of September, 2025.**

*[signature: Robert W. Schroeder III]*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE